**WO**                                                                                                           SC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| David Torrez, | ) | No. CV 10-2093-PHX-MHM (MHB) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Corrections Corporation of America, et al., | ) | |
| Defendants. | ) | |

Plaintiff David Torrez, a California inmate confined in the La Palma Corrections Center (LPCC), a Corrections Corporation of America (CCA) facility in Eloy, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) In an Order filed on November 29, 2010, the Court dismissed the Complaint with leave to amend within 30 days. (Doc. 5.) Plaintiff has filed a motion for an extension of time to file an amended complaint based upon his transfer to administrative segregation and lack of access to a law library. (Doc. 7.) The Court will grant Plaintiff a 30-day extension.

**Warnings**

    **A.**    **Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

/ / /

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in the November 29, 2010 Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of the November 29, 2010 Order and this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's motion for an extension of time to comply with the November 29, 2010 Order, doc. 5, is **granted** to the extent set forth below. (Doc. 7.)

1       (2)    Plaintiff is **granted** an additional **30 days** from the filing date of this Order in which to file a second amended complaint in compliance with the November 29, 2010 Order.

     (3)    If Plaintiff fails to file an amended complaint within 30 days from the filing date of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

DATED this 3rd day of January, 2011.

_____
Mary H. Murguia
United States District Judge